**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**TELEPHONE (605) 224-0560**
BANKRUPTCY JUDGE　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX (605) 224-9020

March 16, 2006

John H. Mairose, Esq.
Counsel for Plaintiff-Debtor
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota  57702

Mr. Ted Wolk
219 Berry Boulevard
Rapid City, South Dakota  57702

　　　　Subject:　*Royce H. and Barbara J. Volker v. Credit
　　　　　　　　　　Collections Bureau, et al. (In re Volker)*,
　　　　　　　　　　Adversary No. 06-5007;
　　　　　　　　　　Chapter 7, Bankr. No. 04-50372

Dear Mr. Mairose and Mr. Wolk:

　　　The matter before the Court is a letter dated March 3, 2006, by Defendant Ted Wolk that has been docketed as a motion to reconsider the default judgment that was entered against him on March 1, 2006.[1]  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's interim findings and conclusions under Federal Rule of Bankruptcy Procedure 7052.  As set forth below, Defendant Wolk will be given twenty days to file a supplement to his letter-motion to set forth any defenses he may have to Plaintiffs-Debtors' complaint under 11 U.S.C. § 523(a)(3).  Only if he can do so, will the March 1, 2006, default order be vacated.

　　　*Summary*.  Royce H. and Barbara J. Volker filed a Chapter 13 petition in bankruptcy on July 9, 2004.  A plan was eventually confirmed on January 6, 2005.  On March 10, 2005, the Chapter 13 trustee moved to dismiss Debtors' case because they were in arrears on their plan payments. Eventually, Debtors were given a deadline to convert their case to Chapter 7 or it would be dismissed. Debtors voluntarily converted their Chapter 13 case to Chapter 7 on July 19, 2005.  Contrary to Federal Rule of Bankruptcy Procedure 1019(5)(C), Debtors did not file a schedule of debts incurred

---

　　　[1]　The several other defendants in the adversary proceeding also had a default judgment entered against them.

In re Volker
March 16, 2006
Page 2


between the date of their Chapter 13 petition and the date they converted their case to Chapter 7.  Debtors' Chapter 7 discharge was not contested by any party in interest who had notice of the case, and the discharge order was entered December 20, 2005.  On February 9, 2006, the Chapter 7 trustee, Dennis C. Whetzal filed a notice stating he had not found any non exempt assets to liquidate to pay creditors' claims.

On January 20, 2006, after Debtors received their discharge but before Trustee Whetzal had filed his "no asset" report, Debtors commenced an adversary proceeding[2] against sixteen creditors that Debtors had failed to include in their bankruptcy case.  Ted Wolk was included as one of the defendants.  Debtors said they owed him $3,328.75 plus costs and interest based on a judgment that Wolk obtained against them on June 9, 2005.  The complaint sought relief under 11 U.S.C. § 523(a)(3).  None of the defendants timely filed an answer.  Debtors sought and obtained a default judgment on March 1, 2006.

On March 6, 2006, the Court received a letter from Wolk (the letter was dated March 3, 2006). Wolk complained that he did not learn about Debtors' bankruptcy case until January 22, 2006. He claimed his due process rights were denied because his claim was apparently discharged before he even knew about the case.  Wolk further stated that after he learned about the case, he contacted both John H. Mairose, counsel for Debtors, and Trustee Whetzal.  Wolk attached to his letter to the Court the correspondence he had with Attorney Mairose and Trustee Whetzal.  Both advised him to be watchful of approaching deadlines and to hire an attorney to assist him.

*Applicable law*.  Section 523(a)(3)(A) of the Bankruptcy Code provides that a debt that was not scheduled properly[3] may nonetheless be discharged under certain circumstances.  *Wright v.*

---

[2]  An adversary proceeding is a particular lawsuit within the context of a bankruptcy case. See generally Federal Rule of Bankruptcy Procedure 7001.

[3]  For a debt to be scheduled properly, the debt should be listed on the bankruptcy schedules and the creditor holding the debt should be included on the case mailing list so that the creditor timely receives notice of the case and certain attendant deadlines.

In re Volker
March 16, 2006
Page 3


*Gulf Insurance Co. (In re Wright)*, 266 B.R. 848, 850-51 (Bankr. E.D. Ark. 2001).  First, the subject debt must not have been one that would have been excepted from discharge under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).  These three Bankruptcy Code sections generally provide that debts arising from certain types of fraud or misconduct are not discharged.  Second, no distributions to creditors must have been made in the debtor's bankruptcy case, *i.e.*, it had to be a "no-asset" case or, if it was an asset case, the creditor had to have notice of the case in time to file a proof of claim.

If the debt is shown to be of the type that would have been excepted from discharge under § 523(a)(2), (4), or (6), then the Court must determine whether the creditor had notice or actual knowledge of the case in time to file a dischargeability complaint to protect his claim.  If the creditor had actual notice of the case in time to protect his claim, the claim is nonetheless discharged.

In a § 523(a)(3) action, the debtor bears the initial burden of showing the subject claim falls under § 523(3).  *Wright*, 266 B.R. at 851.  The creditor bears the burden of demonstrating, if raised as a defense, that it's claim would have been excepted from discharge under § 523(a)(2), (4), or (6).  *Id.*

As we noted in *Markus B. and Cynthia Henley v. Express Collections, et al. (In re Henley)*, Bankr. No. 03-50441, Adv. No. 04-5007, slip op. at 3 (Bankr. D.S.D. July 13, 2004), "[§] 523(a)(3) is one of the more complicated Code sections that provides, in essence, an exception to an exception to a debtor's discharge."

> It is an unusual provision of the Bankruptcy Code that aims to treat unscheduled creditors the same as scheduled creditors.  In essence, if the scheduled creditors' claims were discharged, then the unscheduled creditors' claims will also be discharged.

*Scott Peterson v. Wayne Dullerud, et al. (In re Peterson)*, Bankr. No. 02-10036, Adv. No. 04-1001, slip op. at 2 (Bankr. D.S.D. July 1, 2004).

*Discussion*. At this time, the Court will not vacate the default judgment that was entered against Defendant Wolk.  The

In re Volker
March 16, 2006
Page 4


present record shows that Debtors failed to timely list Wolk on their schedules and to include him on the case mailing list, thus depriving Wolk of formal, timely notice of the case. Debtors' Chapter 7 case was also a "no asset" case. Thus, Debtors have met their initial burden of showing that Wolk's claim was discharged under § 523(a)(3) even though Wolk did not get timely notice of case.

The Code permits a different result only if Wolk can show that his claim is excepted from discharge under § 523(a)(3) because the claim falls under § 523(a)(2), (4), or (6). Wolk's March 3, 2006, letter, however, did not address that issue. **Consequently, the Court will give Wolk until April 5, 2006, to supplement his letter/motion to specifically address the application of § 523(a)(3).** If nothing is filed, his letter/motion to reconsider will be denied. If a supplement is filed, the Court will set a deadline for Debtors to respond. A hearing also will be set, if needed.

As did Attorney Mairose and Trustee Whetzal, the Court urges Mr. Wolk to promptly retain bankruptcy counsel to assist him in this matter.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: adversary filed (docket original; serve parties in interest)


**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Credit Collections Bureau
PO Box 9490
Rapid City, SD 57702

E-Net Information Services
2727 North Plaza Drive
Rapid City, SD 57702

First Premier Bank
900 West Delaware
P.O. Box 5519
Sioux Falls, SD 57117-5519

GW Wireless
2727 North Plaza Drive
Rapid City, SD 57702

Haggerty's Music Works
2520 W. Main Street
Rapid City, SD 57702

Midcontinent Communications
P.O. Box 5010
Sioux Falls, SD 57117-5010

New Perspectives Counseling of Rapid City
3202 W. Main St., Ste. B.
Rapid City, SD 57702

Progressive Financial Services
PO Box 22083
Tempe, AZ 85285

Radiology Associates, Prof. L.L.C.
P.O. Box 8130
Rapid City, SD 57709-8130

Rapid Care
408 Knollwood Drive
Rapid City, SD 57701

Rapid City Journal
P.O. Box 450
Rapid City, SD 57709

Rapid City Community Health Center
504 East Monroe Street
Rapid City, SD 57701

Regional Health
P.O. Box 3450
Rapid City, SD 57709-3450

Carl R. Stonecipher, DDS
2800 Jackson Blvd., Ste. 9
Rapid City, SD 57702

Stanley Steemer
1947 Rand Road
Rapid City, SD 57702

Ted Wolk
219 Berry Blvd.
Rapid City, SD 57702

James L. Jeffries
Jeffries Law Office
816 6th St.
Rapid City, SD 57709

Royce Volker
1642 Evergreen Drive
Rapid City, SD 57702

Barbara J. Volker
1642 Evergreen Drive
Rapid City, SD 57702